[Cite as *State v. Martinez*, 2019-Ohio-305.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio

Appellee

v.

Nicholas Martinez

Appellant

Court of Appeals Nos. L-17-1290
L-18-1015

Trial Court Nos. CR0201701268
CR0201701090

**DECISION AND JUDGMENT**

Decided: February 1, 2019

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Alyssa Breyman, Assistant Prosecuting Attorney, for appellee.

Lawrence A. Gold, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} This is a consolidated appeal from the August 30, 2017 judgments of the

Lucas County Court of Common Pleas., sentencing appellant, Nicholas Martinez, to

consecutive terms of incarceration. For the reasons set forth below, we affirm, in part,

and reverse, in part, the judgments of the trial court.

**{¶ 2}** Appellant sets forth the following assignment of error:

The trial court erred to the prejudice of Appellant by imposing consecutive sentences without making judicial findings under R.C. 2929.14(C)(4).

## Background

**{¶ 3}** On December 8, 2016, January 3 and 5, 2017, five robberies occurred in the same general area of Toledo, Ohio. Various restaurants and a carryout were robbed by one perpetrator, who brandished a gun in all of the crimes, and in one case fired the gun into the ceiling. After the last robbery, appellant was arrested.

**{¶ 4}** On January 13, 2017, appellant was indicted in case No. CR0201701090, on four counts of aggravated robbery with firearm specifications, all felonies of the first degree. Appellant pled not guilty to the charges.

**{¶ 5}** On February 8, 2017, appellant was indicted in case No. CR0201701268, on four counts of aggravated robbery with firearm specifications, felonies of the first degree. Appellant pled not guilty to these charges.

**{¶ 6}** On August 9, 2017, appellant entered a guilty plea in case No. CR0201701090, to four counts of aggravated robbery with three firearm specifications, pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). Appellant also entered an *Alford* plea in case No. CR0201701268, to one count of aggravated robbery.

2.

**{¶ 7}** On August 30, 2017, a sentencing hearing was held. Appellant was sentenced for the four counts of aggravated robbery in case No. CR0201701090, to three years in prison on Count 1, four years on Count 2, four years on Count 3 and five years on Count 4. These sentences were ordered to be served consecutively, for 16 years. In addition, the court ordered appellant to serve three separate three-year mandatory, consecutive sentences on the firearm specifications, for nine years. Thus, appellant was sentenced to a total of 25 years in prison in case No. CR0201701090.

**{¶ 8}** Also on August 30, 2017, appellant was sentenced in case No. CR0201701268, on one count of aggravated robbery, to four years in prison which was ordered to be served consecutively to the sentence in case No. CR0201701090. Therefore, appellant's total sentence for both cases was 29 years in prison.

**{¶ 9}** At the state's request, a nolle prosequi was entered in case No. CR0201701090, for the gun specification in Count 2, and in case No. CR0201701268, a nolle prosequi was entered for the gun specification in Count 1, and Counts 2, 3 and 4 were nolled in their entirety.

**{¶ 10}** Appellant appealed.

## Arguments

**{¶ 11}** Appellant contends the trial court failed to make the required findings for consecutive sentences, under R.C. 2929.14(C), at the sentencing hearing or in the sentencing entries.

3.

**{¶ 12}** The state counters the trial court made the required findings, under R.C. 2929.14(C)(4), before it imposed consecutive sentences. However, the state acknowledges the trial court's findings were not incorporated into the sentencing entries.

**Law**

**{¶ 13}** R.C. 2929.14(C)(4) requires the trial court to undertake a three-step analysis in order to impose consecutive sentences. *State v. Banks*, 6th Dist. Lucas No. L-13-1095, 2014-Ohio-1000, ¶ 11. First, the court must find the sentence is necessary to protect the public or punish the offender. *Id.* Second, the court must find consecutive sentences are not disproportionate to the seriousness of the offender's conduct or the danger the offender posed to the public. *Id.* Third, the court must find the offender committed one of the offenses while awaiting trial or sentencing, or while under sanction, or while under postrelease control for prior offense, or the offenses were committed as part of one or more courses of conduct and no single prison term for any of the offenses adequately reflects the seriousness of the conduct, or the offender's criminal history demonstrates consecutive sentences are necessary to protect the public. *Id.*

**{¶ 14}** When imposing consecutive sentences, the court is not required to give "a word-for-word recitation of the language of the statute * * * as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 29. So, it is unnecessary for the court "to give a talismanic incantation of the words of the statute, provided that the necessary

4.

findings can be found in the record and are incorporated into the sentencing entry." *Id.* at ¶ 37.

{¶ 15} When imposing consecutive sentences, Crim.R. 32(A)(4) mandates that the trial court state the requisite findings as part of the sentencing hearing, which affords notice to the offender and to defense counsel. *Id.* at ¶ 29. If the trial court inadvertently fails to incorporate the statutory findings in the sentencing entry after making the required findings at the sentencing hearing, the sentence is not contrary to law; rather, it is a clerical mistake which may be corrected by the court through a nunc pro tunc entry to reflect what actually transpired in open court. *Id.* at ¶ 30.

## Analysis

{¶ 16} At appellant's sentencing hearing, the court commented "you have a string of events here that are is [sic] extremely dangerous to anyone who crossed your path on the days you were involved in these activities." The court remarked "being an addict isn't an excuse to be able to go out and commit these types of crimes in our community. In fact, that is what makes it even more dangerous * * * firing a round into a ceiling of a restaurant showing you are serious." The court also observed "[a]ny time you take a weapon with you to use to commit a crime it is shown as force and that could be the death of another person * * *. It is a very dangerous situation."

{¶ 17} The court then noted it "considered the principles and purposes of sentencing under 2929.11, balanced the seriousness and recidivism factors under 2929.12." The court further stated "[i]n 17-1090, because the acts are separate and

5.

distinct from each other and because it is a pattern of conduct extremely dangerous the Court makes those extra findings that those should be consecutive to each other." In addition, the court informed appellant "the actions committed here require the consecutive sentences as does your criminal history with a prior conviction that also weighs into the calculation."

{¶ 18} Upon review, we conclude the trial court made the requisite findings at the sentencing hearing before imposing consecutive sentences, in compliance with R.C. 2929.14(C)(4). Although the court did not specifically state that consecutive sentences were required to protect the community and punish appellant, the court, in essence, made this finding when it identified appellant's conduct as "extremely dangerous to anyone who crossed [his] path" and admonished appellant that "being an addict isn't an excuse to be able to go out and commit these types of crimes in our community."

{¶ 19} The record further reflects the trial court made the required proportionality finding, even though the court did not use the word "disproportionate." Statements made by the court at the sentencing hearing, when viewed in their entirety, indicate the court conducted the necessary analysis before making the requisite finding. The court stressed the seriousness of appellant's "string of events" which were "extremely dangerous to anyone who crossed your path," and found "the actions committed here require the consecutive sentences."

{¶ 20} Lastly, the court found appellant's offenses were "a pattern of conduct" and "extremely dangerous" which "require the consecutive sentences as does your criminal

6.

history with a prior conviction that also weighs into the calculation." Accordingly, we overrule appellant's assignment of error to the extent it alleges the trial court erred by imposing consecutive sentences without making judicial findings under R.C. 2929.14(C)(4) at the sentencing hearing.

{¶ 21} With respect to the written judgment entries, upon review we find the trial court failed to incorporate its findings for consecutive sentences into the sentencing entries as required. Accordingly, we remand this case to the trial court to issue "a nunc pro tunc entry incorporating findings stated on the record." *See Bonnell* at ¶ 30.

{¶ 22} The judgments of the Lucas County Court of Common Pleas are hereby affirmed, in part, and reversed, in part. Appellant and appellee are each ordered to pay one-half of the costs of this appeal pursuant to App.R. 24.

Judgments affirmed, in part,
and reversed, in part.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.        _____

Arlene Singer, J.        JUDGE

Thomas J. Osowik, J.        _____
CONCUR.        JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.